*In re* MARRIAGE OF LYNDEN HARPER, Petitioner-Appellant, and TERRY J. HARPER, n/k/a Terry J. Palumbo, Respondent-Appellee.

Fourth District   No. 4—89—0326

Opinion filed November 9, 1989.

GREEN, J., dissenting.

Thorpe Facer, of Allen & Korkowski & Associates, of Rantoul, for appellant.

L. Keith Hays, Jr., of Monticello, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

A judgment of dissolution of marriage was entered in February 1986, dissolving the marriage between these parties. A marital set-

tlement agreement was incorporated within the judgment of dissolution. In that marital settlement agreement, the parties agreed to joint custody of their minor child, and they further agreed that neither would request child support from the other "at this time."

In February 1989, petitioner filed a petition to set child support, and a hearing thereon was conducted in March 1989. At the hearing, the trial court noted that it had received and considered detailed financial affidavits of the parties as well as the testimony presented at the hearing; the trial court thereafter fixed child support payments in the sum of $50 every two weeks.

Petitioner appeals, alleging (1) the trial court erred in setting child support payments below the recommended statutory minimum without, as required by section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 505(a)), providing written findings for departing from those guidelines, and (2) the trial court erred in ordering child support in the amount of only 11% of respondent's net income.

We disagree and affirm.

■ The record makes clear that petitioner at no time called to the attention of the trial court its alleged failure to make express findings explaining the reasons for its departure from the recommended statutory minimum percentage. In the absence of petitioner's having done so, we decline to address this issue for the first time on appeal. Were we to do so, this case might be remanded with directions to the trial court to provide written findings in accordance with section 505(a). The trial court might then make those findings, certify them back to this court, and we might then find them to be entirely appropriate. It is even possible that plaintiff initially might have chosen not to pursue this appeal based upon the trial court's findings. The point is that judicial resources were wasted by plaintiff's appeal of this issue. This waste of resources could have been avoided had plaintiff, at the time the trial court rendered its decision or within 30 days thereafter, but asked for the written findings to which he claims to be entitled. (See *In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279 ("The general rule is that questions not raised in the trial court are deemed waived and cannot be argued for the first time on appeal").) Instead plaintiff brings this appeal.

We disagree with the dissenting opinion that our holding contravenes the provisions of Supreme Court Rule 366(b)(3)(ii) (107 Ill. 2d R. 366(b)(3)(ii)) by, in effect, requiring the filing of a post-trial motion in this nonjury civil proceeding. Instead, we view petitioner's

first argument as an attack on the procedures employed by the trial court in reaching and explaining its judgment, not an attack on the judgment itself. Petitioner's second argument attacks the judgment and, consistent with Rule 366(b)(3)(ii), we consider that argument on its merits later in this opinion.

■ To say that Rule 366(b)(3)(ii) does not require a post-trial motion in a nonjury civil trial to preserve an issue for appeal is not to say that no objection need ever be raised or called to the attention of the trial court to preserve for appeal alleged procedural deficiencies. In criminal cases, *both* a timely objection and a timely post-trial motion are required to preserve trial issues for appeal. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129-30, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Rule 366(b)(3)(ii) eliminates the requirement for a post-trial motion in nonjury civil cases, but does not eliminate the requirement for a timely objection to an alleged procedural error, especially where, as here, that error could have been easily corrected by the trial court.

In the present case, the first time the trial judge will have this alleged procedural error called to his attention is when he receives a copy of this opinion. We cannot believe that this state of affairs was intended by the Illinois Supreme Court when it promulgated Rule 366(b)(3)(ii).

As a last matter, we note that our holding is in no way inconsistent with the Committee Comments to section 63.3(1) of the former Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68.3(1)), the precursor to Supreme Court Rule 366(b)(3)(ii). (See Ill. Ann. Stat., ch. 110, par. 68.3(1), Committee Comments, at 270 (Smith-Hurd 1968).) Those comments speak of no formal action being necessary to preserve for appeal "the issue of the sufficiency of the evidence." (Ill. Ann. Stat., ch. 110, par. 68.3(1), Committee Comments, at 270 (Smith-Hurd 1968).) The argument that a trial judge has not explained in writing his reasons for deviating from statutory child support guidelines has nothing to do with the argument that the evidence is not sufficient to support the child support determination the trial judge made.

■ As to the second issue raised on appeal, our careful examination of the record reveals that the court was fully apprised of the financial circumstances between the parties and fully considered all of the points now being argued on appeal. We are satisfied that the determination of child support payments made by the trial court in this case does not demonstrate any abuse of the trial court's discre-

tion. *In re Marriage of Rink* (1985), 136 Ill. App. 3d 252, 483 N.E.2d 316.

The judgment is affirmed.

Affirmed.

LUND, J., concurs.

JUSTICE GREEN, dissenting:

As indicated by the majority, I cannot agree that the petitioner waived any error in the judgment fixing child support by not taking action in the circuit court raising the issue that the award was less than that required by statutory guidelines unless appropriate findings were made. I recognize the general rule set forth in *Rodriguez* and cases cited therein. However, the issue waived in *Rodriguez* concerned the standing of a party which should have been raised before judgment. The same is true of the errors involved in cases cited in *Rodriguez*. Here, the alleged error in the judgment could not have been raised until the judgment was entered and, thus, could be raised only by a post-trial motion. At all times pertinent, Supreme Court Rule 366(b)(3)(ii) provided that, in civil cases tried without a jury, "[n]either the filing of nor the failure to file a post-trial motion limits the scope of review." 107 Ill. 2d R. 366(b)(3)(ii).

In nonjury civil cases I deem the relationship between the general rule requiring error to be raised in the trial court to preserve the issue for review and Supreme Court Rule 366(b)(3)(ii) to be such that in those cases error first occurring in a final order appealed need not be raised in the trial court in order to be reviewable. The cited wording of the foregoing rule was taken from section 68.3(1) of the former Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68.3(1)). The comments of the joint committee which recommended the adoption of that legislation stated the language of section 68.3 made "clear that in non-jury cases no formal action is necessary to preserve for review the issue of the sufficiency of the evidence." Ill. Ann. Stat., ch. 110, par. 68.3(1), Committee Comments, at 270 (Smith-Hurd 1968).

We agree that because of Supreme Court Rule 366(b)(3)(ii), no post-trial motion is necessary in a civil nonjury case to preserve for review the issue of the sufficiency of the evidence to support the judgment on appeal. That is significant in two aspects here. First, that interpretation of Rule 366(b)(3)(ii) makes clear that the rule's effect is not limited to making unnecessary the citing of error in a

post-trial motion when that issue has already been raised in the trial court. Clearly, the rule enables a party to raise certain issues on review for the first time. Secondly, the issue in dispute here is closely related to the question of the sufficiency of the evidence. The issue can be accurately stated in terms that the evidence is insufficient to support the judgment absent findings.

The majority would limit the application of Supreme Court Rule 366(b)(3)(ii) to issues raised before judgment in the trial court or errors of substance, as distinguished from procedure, which appear for the first time in the final judgment. I would agree that the raising of many matters, such as that involved here, in the trial court would save judicial time and resources. Perhaps Rule 366(b)(3)(ii) should be amended to so provide. However, to make a dividing line between those matters which must be raised by post-trial motion and those that do not depending upon whether the error is one of procedure or of substance creates the problem of deciding in which category a claim of error fits. In any event, neither the wording of Rule 366(b)(3)(ii) nor case precedent called to our attention makes such an exception. I conclude that existing Illinois law does not require the issue in dispute here to have been raised in the circuit court to be before us.

I would either remand to the circuit court to make findings, as the majority suggests as an appropriate procedure if the issue was before us, or reverse and remand to the circuit court for the court to make an appropriate order. If the latter procedure was adopted, the circuit court would be in a position to change its judgment if it decided it could not make sufficient findings to support the present judgment.