No. 3--97--0537   
 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 MARRIAGE OF      ) Appeal from the Circuit Court

MARY A. HENRY, n/k/a ) of Du Page County.

Mary Gaertner, )

)

      Petitioner-Appellee, ) 

)

and ) No.  90--D--3005

)

STEVEN HENRY,             ) Honorable 

) Jane H. Mitton,

      Respondent-Appellant. ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The respondent, Steven Henry, appeals from an order of protection entered by the circuit court of Du Page County on  November 18, 1996, pursuant to the Illinois Domestic Violence Act of 1986 (the Act) (750 ILCS 60/101 
et seq.
 (West 1996)).  On appeal, the respondent argues that (1) the trial court failed to make the statutorily required findings for the entry of an order of protection; (2) there was insufficient evidence to support the order of protection; and (3) the trial court failed to consider the balance of hardships.  We reverse.

The following facts are taken from the record.  The parties' marriage was dissolved on October 8, 1992.  The petitioner, Mary Gaertner, was granted the physical custody of their two minor children, Kristen and Stefanie, and the respondent was granted visitation rights.  On September 26, 1996, the petitioner and her current husband, Kent Gaertner, filed a verified petition for order of protection against the respondent.  The petition alleged that, on September 24, 1996, the petitioner and her husband attended a joint conciliation meeting with the respondent and his current wife.  The meeting took place at the office of the court-appointed conciliator, Dr. Roger Hatcher, who is a clinical psychologist.  During the meeting, the respondent allegedly became "enraged" at the petitioner and her husband, began "gesturing and screaming" at them, and challenged the petitioner’s husband to a fight.  The petition further alleged that, later that evening, the respondent had visitation with his two children.  During his visitation, the respondent allegedly kept what appeared to be a pistol in the waistband of his pants. 

On November 18, 1996, the trial court held a hearing on the 

petition.  Following the hearing, the trial court entered a plenary order of protection against the respondent.  The order (1) prohibited the respondent from harassing or abusing the petitioner, her husband, and the parties’ two children; (2) prohibited him from entering the petitioner’s residence; (3) directed him to attend monthly counseling sessions with Dr. Hatcher as a condition to continued visitation; and (4) directed him to surrender his handguns to the Du Page County sheriff. 

On December 12, 1996, the respondent filed a motion to vacate the protective order, arguing that (1) the petitioner failed to present sufficient evidence to support her allegations; (2) that the "pistol" at issue was, in fact, a replica or toy pistol; (3) that no physical altercation occurred between him and the petitioner's husband on September 24, 1996; and (4) that the trial court’s order requiring him to surrender his weapons violated his constitutional rights.  On June 18, 1997, the trial court denied the respondent's motion to vacate.  The respondent filed a timely notice of appeal.

We first address the respondent's argument that the trial court failed to make the required findings under section 214(c)(3) of the Act (750 ILCS 60/214(c)(3) (West 1996)) prior to entering the order of protection.   The respondent argues that the trial court failed to indicate in the record that (1) it considered the applicable relevant factors under the Act; (2) the alleged conduct would likely cause irreparable harm or continued abuse; and (3) it was necessary to grant the requested relief in order to protect the alleged abused persons.

At the outset, we note that, although the respondent failed to raise this issue in his posttrial motion, the issue has not been waived for purposes of appellate review.  Supreme Court Rule 366(b)(3)(ii) provides that, in nonjury cases, "[n]either the filing of nor the failure to file a post-judgment motion limits the scope of review."  155 Ill. 2d 366(b)(3)(ii).  Thus, Supreme Court Rule 366(b)(3)(ii) enables a party to raise certain issues for the first time on appeal.  
In re Marriage of Wright
, 212 Ill. App. 3d 392, 398 (1991).

We acknowledge that there is a split of authority regarding the interpretation of Rule 366(b)(3)(ii).  See 
In re Marriage of Wright
, 212 Ill. App. 3d 392 (1991); 
In re Marriage of Harper
, 191 Ill. App. 3d 245 (1989).  In 
Harper
, the trial court deviated from the statutory child support guidelines and failed to provide written findings in support of its ruling.  
Harper
, 191 Ill. App. 3d at 246.  The Illinois Appellate Court, Fourth District, declined to review the trial court's alleged failure to provide written findings because of the petitioner’s failure to raise the issue before the trial court.  
Harper
, 191 Ill. App. 3d at 246.  The court explained its ruling as follows:

"Rule 366(b)(3)(ii) eliminates the requirement for a post-trial motion in nonjury civil cases, but does not eliminate the requirement for a timely objection to an alleged procedural error." 
Harper
, 191 Ill. App. 3d at 247.  

The reviewing court did, however, address the petitioner's argument that there was insufficient evidence to support the trial court’s order.  
Harper
, 191 Ill. App. 3d at 247.  The reviewing court considered the issue after concluding that a sufficiency-of-the-evidence argument was an attack on the judgment itself and not on the procedures employed by the trial court in reaching its judgment.  
Harper
, 191 Ill. App. 3d at 247.  
 

One justice filed a dissenting opinion in 
Harper
, stating that Rule 366(b)(3)(ii) did not require the petitioner to raise the alleged error before the trial court.  
Harper
, 191 Ill. App. 3d at 249 (Green, J., dissenting).  The dissent criticized the majority for limiting the application of Rule 366(b)(3)(ii) to alleged errors pertaining to the substance of the final judgment at issue, as opposed to alleged errors pertaining to the procedural issue. 
Harper
, 191 Ill. App. 3d at 249 (Green, J., dissenting).  The dissent concluded that the plain language of Rule 366(b)(3)(ii) did not make such an exception.  
Harper
, 191 Ill. App. 3d at 249 (Green, J., dissenting).  

In 
In re Marriage of Wright
, 212 Ill. App. 3d 392, 398 (1991), the Illinois Appellate Court, Fifth District, adopted the interpretations of the dissenting opinion in 
Harper
.  In 
Wright
, the petitioner argued that the trial court erred in failing to set forth specific findings as to its reason for deviating from the statutory guidelines regarding child support.  
Wright
, 212 Ill. App. 3d at 397.  The reviewing court held that the petitioner's failure to request such findings at the trial level did not preclude him from raising the issue on appeal.  
Wright
, 212 Ill. App. 3d at 398.  In so ruling, the court found that the majority in 
Harper
 erred in applying Rule 366(b)(3)(ii) to substantive errors in the final judgment as opposed to procedural errors in the final judgment.  
Wright
, 212 Ill. App. 3d at 398.

We are persuaded by the fifth district's analysis in 
Wright
.  Our reading of the plain language of Rule 366(b)(3)(ii) leads us to conclude that the appellant's failure to raise procedural or substantive errors relating to the final judgment at the trial court level does not preclude him from raising the issue on appeal.  Therefore, although the respondent herein failed to raise the issue relating to the trial court's failure to make specific findings in his posttrial motion, the plain language of Rule 366(b)(3)(ii) permits us to consider the issue on review.  We also note that, because the alleged error pertains to the trial court’s findings, the respondent could not have raised this issue until after the trial court entered its judgment.  See 
Harper
, 191 Ill. App. 3d at 248 (Green, J., dissenting).  We therefore turn to the merits of the issue.

Section 214(a) of the Act provides that, in instances where the trial court finds that the petitioner has been abused, it shall enter an order of protection prohibiting such abuse.  750 ILCS 60/214(a) (West 1996).  In determining whether to grant an order of protection, the trial court must consider the following relevant factors: the nature, frequency, severity, pattern, and consequences of the respondent’s past abuse, neglect, or exploitation of the petitioner or any family or household member, including the likelihood of danger of future abuse.  750 ILCS 60/214(c)(1)(i) (West 1996).  The Act also provides:

"[T]he court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraph[] (1) *** of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect the petitioner or other alleged abused persons."  750 ILCS 60/214(c)(3) (West 1996).

In the case at bar, the trial court failed to set forth its findings as required by the Act.  Neither the transcript from the proceedings nor the protective order indicates that (1) the trial court considered the applicable relevant factors; (2) the respondent's alleged conduct would likely cause irreparable harm or continued abuse; and (3) it was necessary to grant the requested relief in order to protect the petitioner, her husband, and the parties' two children.  Although the trial court stated that it believed that it was inappropriate for the parties' children to be around weapons and that the children were aware of "volatile circumstances," such comments do not satisfy the requirements of section 214(c)(3) of the Act (750 ILCS 60/214(c)(3) (West 1996)).  The trial court should abide by its statutory obligation to make specific findings prior to entering an order of protection under the Act.  See 
In re Marriage of Healy
, 263 Ill. App. 3d 596, 602 (1994).  As the trial court has failed to do so, we reverse.

In so ruling, we find 
In re Marriage of McCoy
, 253 Ill. App. 3d 958 (1993), 
Glater v. Fabianich
, 252 Ill. App. 3d 372 (1993), and 
In re Marriage of Hagaman
, 123 Ill. App. 3d 549 (1984), distinguishable from the case at bar.  In 
McCoy
, the plenary order at issue included a provision which stated that the court had considered all the relevant statutory factors.  
McCoy
, 253 Ill. App. 3d at 965.  In 
Glater
, the reviewing court found that the trial court had, in fact, made express oral findings but that the respondent had failed to include these findings in the record on appeal.  
Glater
, 252 Ill. App. 3d at 377.  Lastly, the court in 
Hagaman
 interpreted an earlier version of the statute that did not specifically require that the trial court's findings be made in an official record or in writing.  
Hagaman
, 123 Ill. App. 3d at 554.

As our resolution of this issue controls our disposition on appeal, we need not address the respondent's remaining arguments.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

INGLIS and McLAREN, JJ., concur.