NOTICE
Decision filed 07/23/19. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2019 IL App (5th) 180137

NO. 5-18-0137

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| RACHEL LANDMANN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 17-OP-101 |
| | ) | |
| KATLIN LANDMANN, | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Presiding Justice Overstreet and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     The respondent, Katlin Landmann, appeals from the circuit court's plenary order of protection entered on December 20, 2017, in which the court ordered the respondent to stay 500 feet away from the petitioner, Rachel Landmann, and her four minor children for a period of one year. On appeal, the respondent argues that the circuit court erred in admitting into evidence certain hearsay statements, failing to apply the adverse inference rule against the petitioner, and finding that he abused the petitioner or other person. We reverse and vacate the circuit court's judgment.

¶ 2                                    BACKGROUND

¶ 3     The petitioner and the respondent are ex-spouses and have three children together. On December 1, 2017, the petitioner filed a petition seeking an emergency *ex parte* order of protection against the respondent pursuant to the Illinois Domestic Violence Act of 1986 (Act)

(750 ILCS 60/101 *et seq.* (West 2016)). The petitioner sought protection for the parties' three children as well as the petitioner's one-year-old child by another man. At the time of the plenary hearing, O.L. was 10 years old, N.L. was 8 years old, and I.L. was 5 years old. The petition alleged that the respondent spanked O.L., causing injury, because O.L. "did not know the answer to a math problem." The petitioner asserted she took O.L. to the emergency room for treatment, where the hospital staff and the police took photographs of O.L.'s injuries. Based on the allegations in the petition, the circuit court issued the *ex parte* order.

¶ 4 On December 20, 2017, the circuit court conducted a plenary hearing on the petition. At the hearing, the petitioner testified that on November 30, 2017, the children returned home from visitation with the respondent. When they came home, O.L. was crying and "whining" that her "butt hurt[ ]." Over the respondent's hearsay objection, the petitioner testified that O.L. told her that the respondent spanked her 27 times because she did not know the answer to a math problem. The petitioner testified she observed on O.L.'s bottom a large red mark with bruising, which worsened over time. The petitioner took O.L. to the hospital for treatment that evening. The petitioner testified the hospital took photographs of O.L.'s injuries and contacted the police. During cross-examination, the petitioner denied recently seeking additional monthly support or a vehicle from the respondent or offering to allow the respondent additional parenting time in exchange for a vehicle.

¶ 5 The respondent also testified at the hearing. During direct examination, the respondent denied spanking O.L. 27 times. The respondent stated he spanked O.L. three times and sent her to the corner because "she was having problems with her math homework." The respondent testified he spanked O.L. because she wanted him to give her the answer and she was not applying herself to her homework. The respondent emphasized that he has "rules in [his] house" and that O.L. "continued to ignore [him] and not try and not apply herself." The respondent

testified the petitioner recently requested additional child support from him and attempted to bargain with him to obtain a car from him or his father. The respondent denied hurting O.L. but testified he was not aware whether the spanking left marks on O.L.

¶ 6    At the conclusion of the evidence, the petitioner's counsel requested the court enter a plenary order of protection, asserting that the respondent's spanking of O.L. constituted abuse because it resulted in bruises lasting days. The respondent's counsel requested the court dismiss the order of protection because the spanking constituted the "reasonable direction of a minor by a parent" and, therefore, fell within the statutory exclusion to abuse. The respondent also requested that the court apply the rule of adverse inference with regard to the alleged photographs of the bruising because the petitioner did not produce the photographs at the hearing and he believed that she had exclusive access to the photographs.

¶ 7    The circuit court, stating it "heard the evidence [and] considered the credibility of the witnesses," entered a plenary order of protection for one year. The court entered a written order utilizing a preprinted form. In the written order, the court found the respondent "abused Petitioner and/or the children," that the actions of the respondent would likely cause irreparable harm or continued abuse unless they are stopped, and that it was necessary to grant the requested relief to protect the petitioner and other abused persons. The preprinted order defined "abuse" as "physical abuse *** but does not include reasonable direction of a minor child by a parent."

¶ 8    The respondent filed a motion for relief after judgment pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2016)). The court denied the postjudgment motion, stating it had weighed the believability of the witnesses in entering the plenary order. This appeal follows.

¶ 9                                    ANALYSIS

¶ 10                                    Mootness

¶ 11    Before addressing the merits of the appeal, we must first address the issue of mootness. "An appeal is considered moot where it presents no actual controversy or where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). The issues raised by the respondent on appeal are moot because the plenary order of protection expired on December 20, 2018. See *Hedrick-Koroll v. Bagley*, 352 Ill. App. 3d 590, 592 (2004).

¶ 12    While reviewing courts generally do not decide moot questions, a reviewing court will review a moot question if the question falls within one of the recognized exceptions to the mootness doctrine. *In re Christopher C.*, 2018 IL App (5th) 150301, ¶ 13. One of those exceptions is the public interest exception. *In re Christopher C.*, 2018 IL App (5th) 150301, ¶ 13. Under the public interest exception, a court may review a moot issue on the merits if "(1) the moot question is public in nature, (2) it is desirable to provide an authoritative determination so as to offer guidance for public officers, and (3) it is likely that the question will reappear." *Whitten v. Whitten*, 292 Ill. App. 3d 780, 784 (1997). The Act addresses issues of great public interest, and its purposes can only be accomplished if the courts properly apply the statutory requirements. *Whitten*, 292 Ill. App. 3d at 784. Furthermore, questions as to the Act's requirements are likely to reappear, and we find it desirable to offer guidance as to those requirements. As such, we will address the merits of this case under the public interest exception to the mootness doctrine.

¶ 13                    Sufficiency of the Trial Court's Factual Findings

¶ 14    In proceedings to obtain an order of protection, the central inquiry is whether the petitioner has been abused. *Best v. Best*, 223 Ill. 2d 342, 348 (2006). Under section 214(a) of the Act, the trial court shall issue an order of protection if it finds that the petitioner has been abused. 750 ILCS 60/214(a) (West 2016). Before issuing an order of protection, however, the trial court is required to make certain findings in "an official record or in writing." 750 ILCS 60/214(c)(3) (West 2016). We will reverse the trial court's entry of an order of protection if it fails to make the required findings. *People ex rel. Minteer v. Kozin*, 297 Ill. App. 3d 1038, 1043 (1998).

¶ 15    Section 214(c)(3) provides:

"(3) Subject to the exceptions set forth in paragraph (4) of this subsection, the court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraphs (1) and (2) of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect petitioner or other alleged abused persons." 750 ILCS 60/214(c)(3) (West 2016).

¶ 16    Under the facts of this case, the circuit court needed to consider the "relevant factors" set forth in section 214(c)(1) in order to comply with the dictates of section 214(c)(3)(i). Section 214(c)(1) states as follows:

"(1) In determining whether to grant a specific remedy, other than payment of support, the court shall consider relevant factors, including but not limited to the following:

(i) the nature, frequency, severity, pattern and consequences of the respondent's past abuse, neglect or exploitation of the petitioner *** and the likelihood of danger of future abuse, neglect, or exploitation to petitioner or any member of petitioner's *** family or household; and

(ii) the danger that any minor child will be abused or neglected or improperly relocated from the jurisdiction, improperly concealed within the State or improperly separated from the child's primary caretaker." 750 ILCS 60/214(c)(1) (West 2016).

¶ 17    Here, the circuit court's written order consisted of a preprinted form on which the court checked off boxes and handwrote certain orders. The court boxes that were checked on the preprinted form indicated that, "[a]fter reviewing the Petition and hearing the evidence and testimony of Petitioner, the Court makes findings which: are stated on page 11 of this Order, or were made orally and videotaped or recorded by a court reporter and are incorporated into this Order." The "Findings" section of the order, beginning on page 11, included the following optional findings: "[t]he actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited" and "[i]t is necessary to grant the requested relief in this Order to protect Petitioner or other abused persons." The trial court checked the boxes next to each of these findings, thus satisfying sections 214(c)(3)(ii) and (iii). See *In re Marriage of McCoy*, 253 Ill. App. 3d 958, 964-65 (1993) (trial court order satisfied the minimum statutory requirements where it included a provision stating the court had considered the relevant statutory factors). The order does not, however, include any language satisfying section 214(c)(3)(i).

¶ 18    Section 214(c)(3)(i) requires, "at a minimum," that the court make findings regarding its consideration of the relevant factors listed in section 214(c)(1) in "an official record or in writing." 750 ILCS 60/214(c)(3)(i) (West 2016). These required findings do not explicitly appear anywhere in the record, including as part of the court's oral pronouncements on the record or in the written order. Furthermore, neither the trial court's oral pronouncement that it "heard the evidence [and] considered the credibility of the witnesses," nor the court's written order stating it had reviewed the petition and heard the evidence, satisfies the statute's requirement that the court set forth, in granting a specific remedy, that the court had considered the nature, frequency, severity, pattern, and consequences of the respondent's past abuse; the likelihood of danger of future abuse; and the danger that any minor child will be abused. See *Kozin*, 297 Ill. App. 3d at 1043-44; *In re Marriage of Henry*, 297 Ill. App. 3d 139, 143-44 (1998); *In re Marriage of Healy*, 263 Ill. App. 3d 596, 601-02 (1994); and *Bagley*, 352 Ill. App. 3d at 592-94.

¶ 19    In this case, the circuit court made no findings, written or oral, regarding the relevant factors as required by section 214(c)(3)(i). We are somewhat concerned that the preprinted form relied upon by the court may have been inadequate to comply with the statutory mandates of section 214(c)(3)(i). We have little doubt that the trial court considered the evidence as it related to the findings required by section 214(c)(3)(i), but there is simply no record of this finding available for our review. Therefore, we reverse the circuit court judgment and vacate the order of protection based on the court's failure to make the specific findings required by the Act. As our resolution on this issue controls our disposition on appeal, we need not address the respondent's arguments on appeal.[1]

_____

    [1]The petitioner filed with this court a motion to correct statement at oral argument, indicating that petitioner's counsel mistakenly represented to the court during oral argument that the form order used by the circuit court was a standardized form that had been adopted by the Illinois Supreme Court Access to Justice Commission. In her motion, counsel clarified that the form had not been adopted by the Access to

¶ 20    Reversed; order vacated.

Justice Commission Forms Committee. The petitioner's motion was originally taken with the case, and the respondent was granted 10 days to file a response. The respondent elected not to file a response. The petitioner's motion is now granted.

2019 IL App (5th) 180137

NO. 5-18-0137

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| RACHEL LANDMANN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 17-OP-101 |
| | ) | |
| KATLIN LANDMANN, | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Respondent-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed:**      July 23, 2019

---

**Justices:**      Honorable Judy L. Cates, J.

                     Honorable David K. Overstreet, P.J., and
                     Honorable Melissa A. Chapman, J.
                     Concur

---

**Attorney for Appellant**      David M. Fahrenkamp, Law Office of David M. Fahrenkamp, 205 North Second Street, P.O. Box 625, Edwardsville, IL 62025-0625

---

**Attorneys for Appellee**      Andrea Neubauer Schrader, Susan M. Simone, Land of Lincoln Legal Assistance Foundation, Inc., 310 Easton Street, Suite 330, Alton, IL 62002

---